**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Delaware__
                              (State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Nova Wildcat Shur-Line Holdings, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | H2-Brands |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 9 0 – 1 0 1 1 8 0 5 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 324A Half Acre Road | |
| Number       Street | Number       Street |
| | P.O. Box |
| Cranbury          NJ     08512 | |
| City          State    ZIP Code | City          State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Middlesex County | |
| County | Number       Street |
| | |
| | City          State    ZIP Code |

5. **Debtor's website** (URL)    www.h2bgroup.com

Debtor   **Nova Wildcat Shur-Line Holdings, Inc.**
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾   Case number *(if known)*_____
Name

| | |
|---|---|
| **6. Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>❏ Partnership (excluding LLP)<br>❏ Other. Specify: _____ |

| | |
|---|---|
| **7. Describe debtor's business** | **A. Check one:**<br>❏ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>❏ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>❏ Railroad (as defined in 11 U.S.C. § 101(44))<br>❏ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>❏ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>❏ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>■ None of the above<br><br>**B. Check all that apply:**<br>❏ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>❏ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>❏ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br><br>__4__ __2__ __3__ __6__ |

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | **Check one:**<br>❏ Chapter 7<br>❏ Chapter 9<br>■ Chapter 11. **Check *all* that apply:**<br>  ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ❏ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ❏ A plan is being filed with this petition.<br>  ❏ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>  ❏ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>  ❏ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>❏ Chapter 12 |

Debtor    Nova Wildcat Shur-Line Holdings, Inc.
_____
Name

Case number *(if known)* _____

---

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☑ No

   ☐ Yes.   District _____   When _____   Case number _____
                                               MM / DD / YYYY

           District _____   When _____   Case number _____
                                                 MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No

    ☑ Yes.   Debtor   See Schedule 1, attached. _____   Relationship _____

            District _____   When _____
                                                        MM / DD / YYYY

            Case number, if known _____

---

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☑ No

    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

         What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                                         Number        Street

                                         _____

                                         City                                State ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

               Contact name _____

               Phone _____

---

**Statistical and administrative information**

---

Debtor   **Nova Wildcat Shur-Line Holdings, Inc.**                    Case number (if known)_____
_____
Name

---

**13. Debtor's estimation of available funds**

Check one:

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ■ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ■ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   01/29/2023
MM   / DD  / YYYY

✖ _Mark Rostagno_                                   Mark Rostagno
Signature of authorized representative of debtor          Printed name

Title   CEO/Director

---

| Debtor | Nova Wildcat Shur-Line Holdings, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**18. Signature of attorney**

✖ /s/ Jason D. Angelo

Signature of attorney for debtor

Date  01/29/2023

MM   / DD  / YYYY

Jason D. Angelo
Printed name

Reed Smith LLP
Firm name

1201 North Market Street, Suite 1500

_ Number        Street

Wilmington                              DE          19801
City                                         State       ZIP Code

(302) 778-7500                           jangelo@reedsmith.com
Contact phone                               Email address

6009                                     DE
Bar number                                  State

## SCHEDULE 1 TO VOLUNTARY PETITION

On the date hereof, each of the related entities listed below (collectively, the "Debtors"), including the Debtor in this chapter 11 case, will file or has filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, as amended.

Substantially contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court consolidate their respective chapter 11 cases for administrative purposes only such that the chapter 11 cases will be jointly administered under the case number assigned to Nova Wildcat Shur-Line Holdings, Inc.

- Nova Wildcat Shur-line Holdings, Inc.:  90-1011805

- Nova Wildcat Shur-Line, LLC:  36-4768851

- HBC Holdings LLC:  45-5586461

- HBC Chemical LLC:  47-4306379

- World and Main (Air), LLC:  36-4880035

- World and Main (Cranbury), LLC:  45-5453903

**NOVA WILDCAT SHUR-LINE HOLDINGS, INC.**
**NOVA WILDCAT SHUR-LINE, LLC**
**HBC HOLDINGS LLC**
**HBC CHEMICAL LLC**
**WORLD AND MAIN (AIR), LLC**
**WORLD AND MAIN (CRANBURY), LLC**

## SECRETARY'S CERTIFICATE

I, David Williamson, Secretary of each of the entities specified above (each such entity, individually, a "Company" and, collectively, the "Companies"), hereby certify as of the date hereof that:

1.  I am the duly qualified and elected Secretary of each Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of each Company.

2.  Attached hereto as Exhibit A is a true and complete copy of the Resolutions of Nova Wildcat Shur-Line Holdings, Inc., Nova Wildcat Shur-Line, LLC, HBC Holdings LLC, HBC Chemical LLC, World and Main (Air), LLC, and World and Main (Cranbury), LLC, duly adopted at a properly convened meeting of the board of directors, the board of managers, or the members of any other governing body, as the case may be (in each case, the "Governing Body"), on January 28, 2023, by vote of the Governing Body of each Company, in accordance with the bylaws of such Company.

3.  Such resolutions have not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof. There exist no other subsequent resolution of the Governing Body of any Company relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 29th day of January 2023.

*/s/ David Williamson*
David Williamson
Secretary

**RESOLUTIONS OF**

**NOVA WILDCAT SHUR-LINE HOLDINGS, INC.**
**NOVA WILDCAT SHUR-LINE, LLC**
**HBC HOLDINGS LLC**
**HBC CHEMICAL LLC**
**WORLD AND MAIN (AIR), LLC**
**WORLD AND MAIN (CRANBURY), LLC**

**January 28, 2023**

All of (i) the members of the board of directors, (ii) the managers, or (iii) the members of any other governing body, as the case may be (in each case, the "Governing Body"), of the entities specified above (each such entity, individually, a "Company" and, collectively, the "Companies"), hereby take the following actions and consent to, adopt, and agree to the following resolutions:

**WHEREAS**, each of the Companies, either as a borrower or as a guarantor, is indebted under the Credit Agreement dated as of August 24, 2018 (as amended, restated, supplemented, extended, or modified from time to time, the "Credit Agreement"), by and among PNC Bank, National Association, as administrative agent (the "Administrative Agent"); the lenders that are parties thereto, as the lenders; Nova Wildcat Shur-Line, LLC, World and Main (Cranbury), LLC, and World and Main (Air), LLC, as borrowers; and Nova Wildcat Shur-Line Holdings, Inc., HBC Holdings LLC, and HBC Chemical LLC, as guarantors;

**WHEREAS**, events of default have occurred and are continuing under the Credit Agreement;

**WHEREAS**, the Administrative Agent has provided notice that, in its capacity as a secured creditor under the Uniform Commercial Code, it intends to sell its collateral under the Credit Agreement, in whole or in parts, by private sale or sales;

**WHEREAS**, the Governing Body of each Company has considered one or more alternatives or transactions to reorganize or restructure the indebtedness and capital structure of the Companies, including, among other things, through (i) seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) an out-of-court restructuring of their indebtedness, (iii) an asset or equity sale to improve the Companies' liquidity or to facilitate a restructuring or repayment of the Companies' indebtedness, (iv) other similar transactions, or (v) a combination thereof (each, a "Possible Transaction" and, collectively, the "Possible Transactions");

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with management and has reviewed and discussed the materials and recommendations presented by the management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company, the strategic alternatives and Possible Transactions available to such Company, and the impact of the foregoing on such Company's business, including the risks

and benefits of filing petitions seeking relief for such Company under chapter 11 of the Bankruptcy Code;

**WHEREAS**, the Governing Body of each Company has determined, after consulting with such Company's legal and financial advisors, that it is in the best interests of such Company and its constituencies that such Company avail itself of the protections afforded by chapter 11 of the Bankruptcy Code by filing a voluntary petition for relief under that chapter (a "Chapter 11 Case");

**WHEREAS**, the Governing Body of each Company has considered in detail and had the opportunity to ask questions about such Company's Chapter 11 Case and related Bankruptcy Filings (as defined herein);

**WHEREAS**, Nova Wildcat Shur-Line, LLC, World and Main (Cranbury), LLC, and World and Main (Air), LLC, as borrowers (collectively, the "Borrowers"), and Nova Wildcat Shur-Line Holdings, Inc., HBC Holdings LLC, and HBC Chemical LLC, as guarantors (collectively, the "Guarantors"), desire to enter into a debtor-in-possession credit agreement (the "DIP Credit Agreement") with PNC Bank, National Association, as administrative agent (the "DIP Agent"), PNC Capital Markets LLC, as lead arranger, and the lenders that are party thereto, which would provide for, among other things, a debtor-in-possession credit facility for borrowings not to exceed $3.7 million (the "Loan Facility");

**WHEREAS**, in connection with the DIP Credit Agreement, certain of the Companies will be required (a) to guarantee the obligations of the Borrowers and the other guarantors under the DIP Credit Agreement and the agreements, instruments, and documents executed and delivered to the Lender in connection therewith (the "Obligations") and (b) to grant liens on and security interests in certain of their assets as security for the Obligations, the guarantees referenced in the foregoing clause (a) and certain other obligations (collectively, the "Secured Obligations");

**WHEREAS**, the Governing Body of each Company has been advised of the material terms of the DIP Credit Agreement and the other documents ancillary to the DIP Credit Agreement (collectively, the "Loan Documents") to be executed on the date on which the Loan Facility closes;

**WHEREAS**, each Company expects to derive, directly or indirectly, benefits from the Loan Facility and the extensions of credit thereunder, and the Governing Body of each Company deems it necessary and advisable and in the best interests of such Company for such Company to, as applicable, (i) guarantee the Obligations, (ii) grant liens on certain assets of such Company to secure the Secured Obligations, (iii) mortgage, charge, or otherwise pledge its equity in one or more subsidiaries of such Company (as applicable), and/or (iv) execute and deliver the DIP Credit Agreement and each of the Loan Documents to which it is a party (as applicable) and perform its obligations thereunder;

**WHEREAS**, the Governing Body of each Company deems it advisable and in the best interests of such Company to authorize and empower any Authorized Person (as defined herein), for and on behalf of such Company, to negotiate, execute, and deliver the DIP Credit Agreement

and the Loan Documents relating to the Loan Facility (as applicable) and such other agreements, instruments, and documents to the Lender in the name of and on behalf of such Company;

**WHEREAS**, the Debtors' management and legal and financial advisors have designed (i) a key employee incentive program (the "<u>KEIP</u>") to incentivize the KEIP participants to provide their full and best efforts and attention to consummating a sale, confirming a chapter 11 plan, and collecting outstanding accounts receivable, and (ii) a key employee retention program (the "<u>KERP</u>" and, together with the KEIP, the "<u>Employee Programs</u>") to retain employees that are critical to maintaining operations and customer relationships during the sale process;

**WHEREAS**, the Governing Body of each Company has been advised of the material terms of the Employee Programs; and

**WHEREAS**, the Governing Body of each Company has determined, after consulting with such Company's legal and financial advisors, that it is in the best interests of such Company and its constituencies that such Company approve and implement the Employee Programs.

**Chapter 11 Petitions**

**NOW, THEREFORE, BE IT RESOLVED**, that, with respect to each Company, its Governing Body, after consultation with such Company's management and legal and financial advisors, has determined that it is desirable and in the best interests of such Company, its creditors, and other parties in interest that a voluntary petition be filed by such Company in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") seeking relief under chapter 11 of the Bankruptcy Code, and the filing of such petition is authorized hereby; and

**FURTHER RESOLVED**, that, with respect to each Company, any of the directors or officers as applicable, of such Company, including for the avoidance of doubt, Howard P. Meitiner, in his capacity as Chief Restructuring Officer of each Company (each, an "<u>Authorized Person</u>"), be, and each hereby is, authorized and empowered, with full power of delegation, to negotiate, execute, deliver, and file with the Bankruptcy Court, and perform, in the name and on behalf of the applicable Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, and other documents (collectively, the "<u>Bankruptcy Filings</u>") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate, or advisable, the execution and delivery of any of the Bankruptcy Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and

**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be, and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to take and perform any and all further acts and deeds that such Authorized Person, in consultation with the Company's advisors, deems necessary, appropriate, or advisable in connection with such Company's Chapter 11 Case or the Bankruptcy Filings, including, without limitation, (i) the payment of fees, expenses, and taxes such Authorized Person deems necessary, appropriate, or advisable and (ii) the negotiation, execution, delivery, performance, and filing of any and all additional documents, schedules, statements, lists, papers,

agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, such Chapter 11 Case with a view to the successful prosecution of such Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and

**FURTHER RESOLVED**, that all acts lawfully done or actions taken by any of the Authorized Persons to seek relief on behalf of any Company under chapter 11 of the Bankruptcy Code or in connection with a Chapter 11 Case or any matter related thereto be, and they hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the such Company; and

**Retention of Professionals**

**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be, and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to retain the law firm of Reed Smith LLP, located at 1201 N Market St. #1500, Wilmington, DE 19801, to render legal services to the Company in connection with such Company's Chapter 11 Case and any other related matters or proceedings in connection therewith on such terms as such Authorized Person shall approve; and

**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be, and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to retain the restructuring advisory firm Carl Marks Advisory Group, LLC, located at 900 Third Ave, 33rd Floor, New York, NY 10022, including Howard P. Meitiner as each Company's Chief Restructuring Officer, to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to advance the Company's rights and obligations in connection with such Company's Chapter 11 Case and any other related matters or proceedings in connection therewith on such terms as such Authorized Person shall approve; and

**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be, and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to retain the investment banking and strategic advisory firm of SSG Advisors, LLC, located at 300 Barr Harbor Drive, Suite 420, West Conshohocken, PA 19428, to render investment banking services to the Company in connection with such Company's Chapter 11 Case and any other related matters or proceedings in connection therewith on such terms as such Authorized Person shall approve; and

**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be, and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to retain the administrative services of Epiq Bankruptcy Solutions, LLC, located at 777 3rd Avenue 12th Fl, New York City, New York, 10017, to render claims, noticing, and administrative services to the Company in connection with such Company's Chapter 11 Case and any other related matters or proceedings in connection therewith on such terms as such Authorized Person shall approve; and

**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be, and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to negotiate, execute, deliver, file, and perform any agreement, document, or certificate and to take and perform any and all further acts and deeds (including, without limitation, (i) the payment of any consideration and (ii) the payment of fees, expenses, and taxes) that such Authorized Person deems necessary, appropriate, or advisable in connection with such Company's Chapter 11 Case, including, without limitation, negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by these resolutions, with a view to the successful prosecution of the Companies' Chapter 11 Cases; and

**Debtor-in-Possession Loan Facility**

**FURTHER RESOLVED**, that the Governing Body of each Company hereby adopts and approves the proposed Loan Facility;

**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to negotiate and prepare the form, terms, and provisions of, and to execute and deliver, for and on behalf of such Company, the DIP Credit Agreement, the Loan Documents, and any and all such other agreements, documents, instruments, certificates, and other transaction documents that any Authorized Person deems necessary, appropriate, or advisable to consummate the transactions contemplated by the DIP Credit Agreement and the Loan Documents (together with the DIP Credit Agreement and the Loan Documents, the "Transaction Documents"), in such form as may be approved by the Authorized Person executing and delivering the same, such Authorized Person's execution or delivery thereof to be conclusive evidence of such approval thereof by such Authorized Person and the approval of the Governing Body of such Company; and

**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to do and perform such further acts and things, including, without limitation, the execution and delivery of any amendments, modifications, extensions, renewals, or supplements to the Loan Documents and any other Transaction Documents (including, without limitation, supplemental or additional collateral documents encumbering or otherwise securing assets and properties of such Company acquired after the closing of the Loan Facility), as may be necessary or deemed appropriate by such Authorized Person in connection with any of the Transaction Documents and the transactions contemplated thereby or which may be necessary or appropriate to comply with or evidence compliance with the terms, conditions, and provisions of any of the Transaction Documents, and that the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by the Governing Body of such Company; and

**Employee Programs**

**FURTHER RESOLVED**, that the Governing Body of each Company hereby adopts and approves the Employee Programs, subject to Bankruptcy Court approval of the same;

**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to do and perform such further acts and things as may be necessary or deemed appropriate by such Authorized Person to implement the Employee Programs or which may be necessary or appropriate to comply with or evidence compliance with the terms, conditions, and provisions of the Employee Programs, and that the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by the Governing Body of such Company; and

**General**

**FURTHER RESOLVED**, that to the extent any Company is a shareholder, member, or other owner of another Company, the Governing Body of each such parent Company hereby authorizes and approves, in its capacity as a shareholder, member, or other owner of each such subsidiary Company, (i) the Chapter 11 Cases and the Bankruptcy Filings, (ii) the retention of professionals in connection with the Companies' Chapter 11 Cases, (iii) the execution, delivery, and performance of the Transaction Documents to which each such subsidiary Company is a party, including, without limitation, any and all amendments, modifications, extensions, renewals, or supplements thereto, (iv) the implementation of the Employee Programs, and (v) the performance of all acts and deeds in furtherance of the foregoing and these resolutions; and

**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be, and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to take, cause to be taken, or perform any and all further acts or deeds, including, without limitation, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes, certificates, mortgages, or charges not now known but which may be required, (ii) the execution, delivery, and filing (if applicable) of any of the foregoing in such form as any Authorized Person shall in such Authorized Person's absolute discretion and sole opinion approve, and (iii) the payment of all fees, consent payments, taxes, and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate, or advisable to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and

**FURTHER RESOLVED**, that any and all past or prior actions heretofore taken by any Authorized Person or any other officer, director, manager, or member of any Company, in the name and on behalf of such Company, in furtherance of any or all of the preceding resolutions, including but not limited to, the signing of any agreements, resolutions, deeds, letters, notices, certificates, acknowledgements, receipts, authorizations, instructions, releases, waivers, proxies, and other documents (whether of a like nature or not), and the payment of all and any related fees and expenses be, and the same hereby are, ratified, confirmed, and approved in all respects; and

**FURTHER RESOLVED**, that the Secretary of each Company is hereby authorized and empowered to certify that these resolutions have been duly adopted to such person or persons as the Secretary deems entitled thereto, to attest or witness the execution of the documents authorized by the foregoing resolutions, to sign and affix each Company's seal to such documents as may be necessary, appropriate, or advisable, and to file these resolutions in the books and records of each Company.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NOVA WILDCAT SHUR-LINE HOLDINGS, INC., *et al.*,[1] | Case No. 23-_____ |
| Debtors. | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO
FED R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the undersigned authorized officer of each of the above-captioned debtors and debtors-in-possession (each, a "Debtor" and collectively, the "Debtors") hereby certifies, to the best of his knowledge, information, and belief, as follows:

1.      Non-debtor Nova Wildcat US Holdings, LP owns 100% of the equity interests in Debtor Nova Wildcat Shur-Line Holdings, Inc.

2.      Debtor Nova Wildcat Shur-Line Holdings, Inc. owns 100% of the membership interests in Debtor Nova Wildcat Shur-Line, LLC.

3.      Debtor Nova Wildcat Shur-Line, LLC owns 100% of the membership interests in Debtor HBC Holdings LLC.

4.      Debtor HBC Holdings LLC owns 100% of the membership interests in the following Debtors:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Nova Wildcat Shur-Line Holdings, Inc. (1805); Nova Wildcat Shur-Line, LLC (8851); World and Main (Air), LLC (0035); World and Main (Cranbury), LLC (3903); HBC Holdings LLC (6461); and HBC Chemical LLC (6379).  The Debtors' corporate headquarters and service address is 324A Half Acre Road, Cranbury, NJ 08512.

- HBC Chemical LLC;

- World and Main (Air), LLC; and

- World and Main (Cranbury), LLC.

5.      The corporate headquarters of non-debtor Nova Wildcat US Holdings, LP and each

of the Debtors is 324A Half Acre Road, Cranbury, NJ 08512.

Date:  January 29, 2023

NOVA WILDCAT SHUR-LINE HOLDINGS, INC.
NOVA WILDCAT SHUR-LINE, LLC
HBC HOLDINGS LLC
HBC CHEMICAL LLC
WORLD AND MAIN (AIR), LLC
WORLD AND MAIN (CRANBURY), LLC


*/s/ Mark Rostagno*
By:  Mark Rostagno
Its:  Chief Executive Officer

| Fill in this information to identify the case: |
| --- |
| Debtor Name:   Nova Wildcat Shur-Line Holdings, Inc. |
| United States Bankruptcy Court for the:     District of Delaware |
| Case Number (If known):      23-____ |

☐ Check if this is an amended filing

# Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | JIANGSU SHIHUA 70 WAN AN WEST RD SHANGFANG TOWN ZHONGHUA MEN WAI NANJING  211103  CHINA | CONTACT: MR HE AARON WANG PHONE: 86-25-52281209 FAX: 86-25-52281220 SHIHUA@CN-SHIHUA.COM | TRADE DEBT | | | | $5,785,316.44 |
| 2 | WUXI BOTE ELECTRICAL APPARATUS CO LTD YUQI INDUSTRIAL PARK HUISHAN DISTRICT JIANGSU, JIANGSU CHINA | CONTACT: MR. WEI HEPENG PHONE: 86-0510-83889071 FAX: 86-0510-83880849 SALES@WXBOTE.COM | TRADE DEBT | | | | $4,162,892.82 |
| 3 | CIXI XINXIULI ELECTRICAL APPLIANCES CO NORTH INDUSTRIAL PARK FUHAI TOWN CIXI, NINGBO ZHEJIANG  CHINA | CONTACT: ELAINE YUAN, COUNSEL PHONE: 0086-574-63562609 FAX: 0086-574-63562605 XXL@XINXIULI.COM | TRADE DEBT | | | | $3,107,063.48 |
| 4 | PAKWELL-CHINA 25 YANJIANG E 5 RD. MAOSHEN VILLAGE HUOJU DEVELOPING ZONE ZHONGSHAN GUANGDONG 528437  CHINA | CONTACT: GRACE TING PHONE: 0086-760-23898818 FAX: 0086-760-23898800 SALES@PAKWELL.COM | TRADE DEBT | | | | $2,887,209.01 |
| 5 | SHANGHAI XIAOBANG HOUSEHOLD PRODUCTS LANE 155 XINRONG RD NO 101 XINQIAO TOWN SONGJIANG  201612 CHINA | CONTACT: JANE XIA, INTL TRADING DEPT MGR PHONE: 0086-021-57687996 FAX: 0086-021-57687300 JANE.XIA@XIAOBANG.SH.CN | TRADE DEBT | | | | $1,914,932.15 |

Debtor: Nova Wildcat Shur-Line Holdings, Inc.

Case Number (if known): 23-____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6   TECHXIN ELECTRIC APPLIANCE MANUFACTURE NO.36, HAITANWEI INDUSTRIAL ZHOUJUN VILLAGE, TANGXIA TOWN GUANGDONG 529085 CHINA | CONTACT: LANCE LIAO PHONE: 0086-0750-3221868 FAX: 0086-0750-3222698 LANCELIAO@TECHXN.COM.CN | TRADE DEBT | | | | $1,748,140.21 |
| 7   TAURUS AMERICA, S.A. DE C.V. ROSAS MORENO NO 4-203 COLONIA DE SAN RAFAEL DEL CUAUHTEM MEXICO CITY  06470  MEXICO | CONTACT: GUILLERMO FREYRIA PEREZ PHONE: 555-685-3440 GFREYRIA@TAURUS.COM.MX | TRADE DEBT | | | | $1,537,080.31 |
| 8   ZHONGSHAN AIRZONE VENTILATED EQUIPMENT TECHNOLGY CO.,LTD. THE FIFTH DONGHAI ROAD DONGFENG TOWN, ZHONGSHAN CITY GUANGDONG  528425  CHINA | CONTACT: MR. LIAO PHONE: 7603228973 FAX: 0086-75722908642 LIAOXIAOWEN2008@126.COM | TRADE DEBT | | | | $1,515,415.78 |
| 9   MEDITERRANEAN SHIPPING CO INC. 420 FIFTH AVENUE - 8TH FL NEW YORK, NY  10018 | CONTACT: ROBERTA CRISTOFORI PHONE: 2127644800 FAX: 854-400-2398 ROBERTA.CRISTOFORI@MSC.COM | TRADE DEBT | | | | $1,465,156.67 |
| 10   STAFFING ALTERNATIVES 622 GEORGES ROAD  SUITE 201 NORTH BRUNSWICK, NJ  08902 | CONTACT: GREG MOYES PHONE: 732-917-6724 GREGM@SAWORKS.COM | TRADE DEBT | | | | $1,070,873.48 |
| 11   VENTUS INDUSTRIAL LIMITED NO 1 KEJI BA RD, SHANGDI IND ZONE XINGTAN, SHUNDE FOSHAN, GUANGDONG CHINA | CONTACT: JASON ZHONG PHONE: 86-757-2806-3115 LVZHOUWUJIN@YAHOO.COM.CN | TRADE DEBT | | | | $952,119.24 |
| 12   SHANGHAI SUNWISE PLASTIC PRODUCTS NO.409 XINGONG RD.XINBANG SHANGHAI  201605 CHINA | CONTACT: JAMES LIU PHONE: 0086-021-67763100 JAMESLIU@VLATEINTERNATIONAL.COM | TRADE DEBT | | | | $701,163.33 |
| 13   SHENG YANG HDWRE PRODUCTS CO NO.46 ZHONGXIN RD CHUANGLILAI INDUSTRIAL PARK GUANG DONG PROVINCE CHINA | CONTACT: DANAE ZUO PHONE: 0086-750-6806601 DANAE@SYHPC.COM | TRADE DEBT | | | | $658,971.94 |
| 14   CIXI XINLUN ELECTRICAL NO.373 XINXIN ROAD XINPU TOWN CIXI, ZHEJIANG CHINA | PHONE: 0086-13105558832 FAX: 86-574-63567260 XINLUN@NBXINLUN.COM; SALES02@NBXINLUN.COM | TRADE DEBT | | | | $646,471.29 |
| 15   YANGZHOU SANZHI FIBER CO., LTD. LIUQIAO VILLAGE HONGQIAO TOWN JIANGSU  225108 CHINA | CONTACT: WUGANG PHONE: 0086-514-87261937 FAX: 0086-514-87263691 KOWA_YZ@163.COM | TRADE DEBT | | | | $623,159.02 |

Debtor: Nova Wildcat Shur-Line Holdings, Inc.

Case Number (if known): 23-_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | FAITHFUL ENGINEERING-CHINA CO LTD<br>NO 8 HAISHENG RD.WUYUAN TOWN (HAIYAN FACTORY), HAIYAN COUNTY JIAXING CITY, ZHEJIANG CHINA | CONTACT: KAREN LIN/SANDY LIU<br>PHONE: 886-2-26624717<br>FAX: 886-2-26622864<br>KAREN@FAITHFUL.COM.TW | TRADE DEBT | | | | $620,966.58 |
| 17 | AFCO<br>4501 COLLEGE BOULEVARD, SUITE 320<br>LEAWOOD, KS  66211 | CONTACT: COUNSEL<br>PHONE: 913-491-6700<br>FAX: 877-232-6329<br>CUSTOMERSERVICE@AFCO.COM | TRADE DEBT | | | | $544,463.11 |
| 18 | CIXI FUYUN ELECTRIC APPLIANCE<br>NO 199 HEART AND HEART RD.<br>XINPU INDUSTRIAL ZONE, XINPU TOWN<br>CIXI, ZHEJIANG<br>CHINA | CONTACT: SUNNY MIAO<br>PHONE: 0086-574-63585923<br>FAX: 0086-574-63589500<br>SUNNY@CXFUYUN.COM | TRADE DEBT | | | | $540,445.30 |
| 19 | INTERNATIONAL MOTOR FREIGHT, INC.<br>C/O BECKER LLC<br>ATTN JOSEPH G HARRAKA, JR. ESQ.<br>354 EISENHOWER PKWY STE 1500<br>LIVINGSTON, NJ  07039 | CONTACT: MARYANN LOWENSTEIN<br>PHONE: 973-589-4001<br>FAX: 973-589-2092<br>M.LOWENSTEIN@IMNJ.COM | TRADE DEBT | | | | $539,021.11 |
| 20 | EVERGREEN SHIPPING AGENCY<br>1 EVERTRUST PLAZA  6TH FLOOR<br>JERSEY CITY, NJ  07302 | CONTACT: SANDRA SUKNANAN<br>PHONE: 201-761-3000<br>FAX: 201-761-3066<br>SANDRASUKNANAN@EVERGREEN-SHIPPING.US | TRADE DEBT | | | | $436,176.56 |
| 21 | CRESTLINE-KIRCHNER<br>201 MAIN STREET, SUITE 1900<br>FORT WORTH, TX  76102 | CONTACT: COUNSEL<br>PHONE: 817-339-7600<br>LPHAM@CRESTLINEINC.COM | TRADE DEBT | | | | $432,500.00 |
| 22 | ZHEJIANG FAIRTRADE E-COMMERCE CO LTD<br>308 NORTH ZHONGSHAN RD.<br>HANGZHOU, ZHEJIANG<br>CHINA | CONTACT: NICK WANG<br>PHONE: 0086-571-88391756<br>FAX: 0086-571-88391758<br>WCJZY@VIP.163.COM | TRADE DEBT | | | | $416,251.48 |
| 23 | MEISTER PACKING TOOLS CO LTD<br>LINJIN INDUSTRIAL AREA<br>DONGJUGU QIJIAWU TOWN<br>HUANGHUA CITY 060  061104<br>CHINA | CONTACT: COUNSEL<br>PHONE: 0086-0317 5986605<br>FAX: 0086 0317 5986605<br>BRIGHTSTAR33@126.COM | TRADE DEBT | | | | $416,104.07 |
| 24 | CHANGZHOU HENGHAO PLASTIC INDUSTRIAL CO LTD<br>17TH FENGXI RD.GAOXIN DIST. WUJIN<br>CHANGZHOU, JIANGSU  213166<br>CHINA | CONTACT: SUN GUO XIAN<br>PHONE: 0086-150-61971779<br>FAX: 0086-051-989826862<br>HENGTIANSUYE@163.COM | TRADE DEBT | | | | $400,169.74 |

Debtor: Nova Wildcat Shur-Line Holdings, Inc.                    Case Number (if known): 23-_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25  HBC GLOBAL SOURCING WUXI CO LTD 27/F, 8 BOLI SQUARE 1 EAST XIANQIAN STREET WUXI CHINA | CONTACT: SHARON ZUO PHONE: 0086-510-82327500 SHARONZUO@H2BGROUP.COM | TRADE DEBT | | | | $382,325.08 |
| 26  BEKO INTERNATIONAL LIMITED MINGYE PAINTING TOOLS PRODUCTS BEIKENG INDUSTRIAL ZONE LONGTANG TOWN QINGYUAN CITY  CHINA | CONTACT: KIKI MING PHONE: 0086-7633682784 FAX: 0086-7636892022 KIKI@MING-YE.COM | TRADE DEBT | | | | $361,552.97 |
| 27  C.H. ROBINSON CO. 500 UNICORN PARK DR WOBURN, MA  01801 | CONTACT: MARIBEL VERGARA PHONE: 781-838-8980 MARIBEL.VERGARA@CHROBINSON.COM | TRADE DEBT | | | | $330,724.40 |
| 28  HORIZON TOOLS INC. AAREN EXPORTS B 17 FOCAL POINT JALANDHAR, PUNJAB  14400 INDIA | CONTACT: DEEPAK AGGARWAL PHONE: 91 98726 6098 DEEPAK@HORIZON-TOOLS.COM | TRADE DEBT | | | | $324,514.33 |
| 29  ROCK VALLEY TEXTILES INC 111 AVON ST JANESVILLE, WI  53545 | CONTACT: SARAH LONG PHONE: 608-752-6866 FAX: 608-752-6924 DENNISCAMPION@ROCKVALLEYTEXTILES.COM | TRADE DEBT | | | | $316,576.22 |
| 30  GENERAL PAINT & MANUFACTURING 3376 PAYSPHERE CIRCLE CHICAGO, IL  60674 | CONTACT: COUNSEL PHONE: (847) 639-5383 FAX: 847-639-2058 JOHN.HAMMERLE@TRUEVALUE.COM | TRADE DEBT | | | | $309,240.93 |

**Fill in this information to identify the case and this filing:**

Debtor Name   Nova Wildcat Shur-Line Holdings, Inc.

United States Bankruptcy Court for the: _____ District of Delaware
                                                                                   (State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule* _____

■  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

■  Other document that requires a declaration  Consolidated Corporate Ownership Statement and List of Equity Interest Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   01/29/2023                  ✗ *Mark Rostagno*
                   MM / DD / YYYY                   Signature of individual signing on behalf of debtor

                                             Mark Rostagno
                                             Printed name

                                             CEO/Director
                                             Position or relationship to debtor