**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> NOVA WILDCAT SHUR-LINE HOLDINGS, INC., <br><br> Debtor. <br><br> Tax I.D. No. 90-1011805 | Chapter 11 <br><br> Case No. 23-10114 (CTG) |
| In re: <br><br> NOVA WILDCAT SHUR-LINE, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 36-4768851 | Chapter 11 <br><br> Case No. 23-10115 (CTG) |
| In re: <br><br> HBC HOLDINGS LLC, <br><br> Debtor. <br><br> Tax I.D. No. 45-5586461 | Chapter 11 <br><br> Case No. 23-10116 (CTG) |
| In re: <br><br> HBC CHEMICAL LLC, <br><br> Debtor. <br><br> Tax I.D. No. 47-4306379 | Chapter 11 <br><br> Case No. 23-10117 (CTG) |
| In re: <br><br> WORLD AND MAIN (AIR), LLC, <br><br> Debtor. <br><br> Tax I.D. No. 36-4880035 | Chapter 11 <br><br> Case No. 23-10118 (CTG) |

| | |
|---|---|
| In re: | Chapter 11 |
| WORLD AND MAIN (CRANBURY), LLC, | Case No. 23-10119 (CTG) |
| Debtor. | |
| Tax I.D. No. 45-5453903 | |

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING
JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") hereby move (this "Motion") for entry of an Order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), authorizing the joint administration of the Debtors' Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  In support of this Motion,[1] the Debtors rely upon and incorporate by reference the *Declaration of Mark Rostagno, the Debtors' President and Chief Executive Officer, in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), which was filed with this Court concurrently herewith, and respectfully represent as follows:

**RELIEF REQUESTED**

1.    By this Motion, the Debtors seek entry of the Proposed Order, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, directing the consolidation of the Debtors' Chapter 11 Cases for procedural purposes only.

---

[1] The facts and circumstances supporting the relief requested by this Motion are set forth in the First Day Declaration (as defined below), filed contemporaneously herewith and incorporated herein by reference. Capitalized terms used but not otherwise defined herein have the meanings given to them in the First Day Declaration.

2. The Debtors also request that one file and one docket be maintained for all of the jointly administered cases under the lead case of Nova Wildcat Shur-Line Holdings, Inc. Additionally, the Debtors propose that all pleadings relating to the Debtors' cases contain the following joint caption:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> NOVA WILDCAT SHUR-LINE HOLDINGS, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 23-10114 (CTG) <br><br> (Joint Administration Requested) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Nova Wildcat Shur-Line Holdings, Inc. (1805); Nova Wildcat Shur-Line, LLC (8851); World and Main (Air), LLC (0035); World and Main (Cranbury), LLC (3903); HBC Holdings LLC (6461); and HBC Chemical LLC (6379). The Debtors' corporate headquarters and service address is 324A Half Acre Road, Cranbury, NJ 08512.

3. The Debtors further request that all original pleadings be captioned as indicated in the preceding paragraph, that all original docket entries be made in the case of Nova Wildcat Shur-Line Holdings, Inc., Case No. 23-10114 (CTG) and that a docket entry be made in the other Debtors' Chapter 11 Cases substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 Cases of Nova Wildcat Shur-Line Holdings, Inc., *et al.* The docket in Case No. 23-10114 should be consulted for all matters affecting this case.

4. For the reasons set forth below, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, and other parties in interest.

**JURISDICTION AND VENUE**

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the

District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final Order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final Orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The relief requested by this Motion is warranted under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## BACKGROUND

8. On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned cases (collectively, the "Chapter 11 Cases"). The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No official committees have been appointed in the Chapter 11 Cases, and no request has been made for the appointment of a trustee or an examiner.

9. Additional information regarding the Debtors' businesses, their capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the First Day Declaration.

## BASIS FOR RELIEF REQUESTED

10. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the [C]ourt may order a joint administration of the estates." FED. R. BANKR. P. 1015(b). Local Rule 1015-1 similarly provides for joint administration of chapter 11 cases when the facts demonstrate that joint administration "is warranted and will ease the administrative burden for the Court and the parties." DEL. BANKR.

L.R. 1015-1. In the Chapter 11 Cases, all of the Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code, of Nova Wildcat Shur-Line Holdings, Inc. Accordingly, the joint administration of the Debtors' respective estates is warranted and will ease the administrative burden on the Court and all parties in interest in the Chapter 11 Cases.

11. Joint administration also will permit the Clerk of the Court to utilize a single docket for all of the Chapter 11 Cases, and to combine notices to creditors and other parties in interest in the Debtors' respective cases. Because there likely will be numerous motions, applications, and other pleadings filed in the Chapter 11 Cases that will affect all of the Debtors, joint administration will permit counsel for all parties in interest to include all of the Debtors' cases in a single caption for the numerous documents that are likely to be filed and served in the Chapter 11 Cases. Joint administration also will enable parties in interest in all of the Debtors' cases to stay apprised of all the various matters before the Court.

12. Joint administration will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights. Joint administration will significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court, render the completion of various administrative tasks less costly, and provide for greater efficiencies. Moreover, the relief requested by this Motion will simplify supervision of the administrative aspects of the Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware.

13. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, and creditors and, therefore, should be granted.

**NOTICE**

14. Notice of this Motion has or will be provided (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors' estates on a consolidated basis; (iii) counsel to PNC Bank, National Association, as administrative agent under the Prepetition Credit Agreement and the DIP Facility; (iv) the Office of the United States Attorney for the District of Delaware; (v) the Internal Revenue Service; (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (vii) any other party in interest entitled to notice of this Motion pursuant to Local Rule 9013-1(m). As this Motion is seeking "first day" relief, within two (2) business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any Order entered in respect of the Motion as required by Local Rule 9013-1(m). Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is necessary.

15. A copy of this Motion is available on (i) the Court's website, www.deb.uscourts.gov, and (ii) the website maintained by the Debtor's proposed Claims and Noticing Agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/h2b.

**NO PRIOR REQUEST**

16. No previous request for the relief sought by this Motion has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached as **Exhibit A**, granting the relief requested in the Motion and such other relief to the Debtors as is appropriate.

| | |
|---|---|
| Dated:  January 30, 2023<br>          Wilmington, Delaware | Respectfully submitted,<br><br>**REED SMITH LLP**<br><br>*/s/ Jason D. Angelo*<br>Kurt F. Gwynne (No. 3951)<br>Jason D. Angelo (No. 6009)<br>1201 North Market Street, Suite 1500<br>Wilmington, DE 19801<br>Telephone:  (302)778-7500<br>E-mail:  kgwynne@reedsmith.com<br>          jangelo@reedsmith.com<br><br> - and -<br><br>Omar J. Alaniz, Esq. (*pro hac vice* pending)<br>Bradley J. Purcell, Esq. (*pro hac vice* pending)<br>Devan J. Dal Col, Esq. (*pro hac vice* pending)<br>2850 N. Harwood St., Suite 1500<br>Dallas, TX 75201<br>Telephone:  (469) 680-4200<br>E-mail:  oalaniz@reedsmith.com<br>          bpurcell@reedsmith.com<br>          ddalcol@reedsmith.com<br><br>- and -<br><br>Luke A. Sizemore, Esq. (*pro hac vice* pending)<br>Amy M. Kerlin, Esq. (*pro hac vice* pending)<br>Reed Smith Centre<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222<br>Telephone:  (412) 288-3334<br>E-mail:  lsizemore@reedsmith.com<br>          akerlin@reedsmith.com<br><br>*Proposed Counsel for the Debtors and Debtors-in-Possession* |