## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NOVA WILDCAT SHUR-LINE HOLDINGS, INC., *et al.*,[1] | Case No. 23-10114 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline**: **March 7, 2023 at 4:00 p.m.** (Eastern)<br>**Hearing Date**: **March 14, 2023 at 10:00 a.m.** (Eastern) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, AND (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") hereby move (this "Motion") for entry of an order, substantially in the form attached as **Exhibit A** (the "Bar Date Order"), granting the relief described below.  In support of the Motion,[2] the Debtors, through their undersigned counsel, respectfully represent as follows:

### RELIEF REQUESTED

1.      By this Motion, pursuant to sections 105(a), 501, 502, 503, and 1111(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), Rules 2002 and 3003(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1(e) and 3003-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors seek entry of the

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  Nova Wildcat Shur-Line Holdings, Inc. (1805); Nova Wildcat Shur-Line, LLC (8851); World and Main (Air), LLC (0035); World and Main (Cranbury), LLC (3903); HBC Holdings LLC (6461); and HBC Chemical LLC (6379).  The Debtors' corporate headquarters and service address is 324A Half Acre Road, Cranbury, NJ 08512.

[2]   The facts and circumstances supporting the relief requested by this Motion are set forth in the First Day Declaration (as defined below), which is incorporated herein by reference.  Capitalized terms used but not otherwise defined herein have the meanings given to them in the First Day Declaration.

Bar Date Order (i) establishing deadlines by which creditors,[3] except as otherwise provided herein, asserting claims against the Debtors must file proofs of claim ("Proofs of Claim") in these Chapter 11 Cases; (ii) approving the procedures described below for filing Proofs of Claim in these Chapter 11 Cases; and (iii) approving the general form and manner of service of the bar date notice attached to the Bar Date Order as **Exhibit 1** (the "Proposed Bar Date Notice").  For the reasons set forth below, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, and other parties in interest.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Local Rule 9013-1(f), the Debtors consent to entry of an order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief requested by this Motion are sections 105(a), 501, 502, 503, and 1111(a) of the Bankruptcy Code, and such relief is warranted under Bankruptcy

---

[3] Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (i) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (ii) the term "creditor" has the meaning given to it in section 101(10) of the Bankruptcy Code; (iii) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (iv) the term "equity security" has the meaning given to it in as defined in section 101(16) of the Bankruptcy Code; (v) the term "equity security holder" has the meaning given to it in as defined in section 101(17) of the Bankruptcy Code; (vi) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (vii) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

Rules 2002 and 3003(c), and Local Rules 1009-2, 2002-1(e), and 3003-1.

## BACKGROUND

5.      On January 29, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases").  The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

6.      The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner in these Chapter 11 Cases.

7.      On February 1, 2023, the Court entered an order [D.I. 44] authorizing the Debtors to retain Epiq Corporate Restructuring, LLC (the "Claims and Noticing Agent" or "Epiq") as the Debtors' claims and noticing agent in these Chapter 11 Cases.

8.      On February 17, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed a committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code.  *See* D.I. 73.

9.      Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Mark Rostagno, the Debtors' President and Chief Executive Officer, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 23] (the "First Day Declaration").

## THE PROPOSED BAR DATES

10.      Establishing the proposed Bar Dates will enable the Debtors to receive, process, and analyze creditor claims in a timely and efficient manner, and will help expedite the administration of these Chapter 11 Cases.  The Debtors propose, except as otherwise provided

below, that all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts), including Governmental Units, that assert a claim against any Debtors that arose prior to the Petition Date should be required to file a proof of claim form, substantially in the form attached to the Bar Date Order as **Exhibit 2** (the "Proof of Claim Form"), by the applicable Bar Date.

### A.    General Bar Date

11.    Except as otherwise provided in this Motion, the Debtors request that all persons and entities, including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts that assert a claim against the Debtors that arose prior to the Petition Date, including unpaid claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b) Claim"), be required to file a written proof of such claim so that it is ***actually received*** by the Claims and Noticing Agent **on or before April 21, 2023, at 5:00 p.m. (Eastern)** (or such later date that is at least thirty-seven (37) days after the entry of the order granting this Motion) (the "General Bar Date").

12.    The Debtors will cause notices of the General Bar Date to be mailed at least twenty-one (21) days in advance thereof, as required by Bankruptcy Rule 2002.  Specifically, the Debtors intend to give notice of the General Bar Date, substantially in the form of the Proposed Bar Date Notice, within five (5) business days after the entry of the Bar Date Order, by mailing a copy of the Proposed Bar Date Notice, together with the Proof of Claim Form, to all known entities holding potential claims against the Debtors (and/or counsel to holders of the foregoing claims).

13.    The General Bar Date would be the date by which all entities, other than Governmental Units, holding prepetition claims against the Debtors must file a written Proof of Claim, including a 503(b) Claim, so that such Proof of Claim is ***actually received*** by the Claims

and Noticing Agent, unless such person's or entity's claim falls within one of the exceptions set forth in this Motion. Subject to these exceptions, the General Bar Date would apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and rejection damages claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these Chapter 11 Cases; *provided*, *however*, that unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall be the later of: (i) the General Bar Date; (ii) **5:00 p.m. (Eastern), on the date that is thirty (30) days after service** on the affected claimant of notice of the entry of an order approving the rejection of the applicable executory contract or unexpired lease of the Debtors; and (iii) any date that the Court may fix in the applicable order approving such rejection (any such date, a "Rejection Damages Bar Date").

**B.      Governmental Bar Date**

14.      Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide . . . ." 11 U.S.C. § 502(b)(9). The Debtors requests that the Court establish **July 28, 2023 at 5:00 p.m. (Eastern)** as the governmental bar date (the "Governmental Bar Date"). Subject to the exceptions set forth in this Motion, the Governmental Bar Date would apply to all Governmental Units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including Governmental Units with claims against any Debtor for any unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which a Debtor was a party. All Governmental Units holding such claims against the Debtors would be

required to file Proofs of Claim so that such Proofs of Claim are ***actually received*** by the Claims and Noticing Agent by the Governmental Bar Date.

C.     **Amended Schedules Bar Date**

15.     The Debtors retain the right to:  (i) dispute, or assert offsets or defenses against, any filed claim or claim listed or reflected in the Schedules as to such claim's nature, amount, liability, priority, classification, or otherwise; (ii) subsequently designate any claim as disputed, contingent, or unliquidated; and (iii) otherwise amend, modify, or supplement the Schedules; *provided*, *however*, that if the Debtors amend or supplement schedule D, E, or F of their Schedules to reduce the undisputed, non-contingent, and liquidated amount or to change the nature or classification of a claim against the Debtors to contingent, unliquidated or disputed, or from secured to unsecured (or *vice versa*) after having given notice of the General Bar Date, the Rejection Damages Bar Date, and the Governmental Bar Date, the Debtors propose that with respect to holders of claims adversely affected thereby, the Court establish the later of:  (i) the General Bar Date or the Governmental Bar Date, if applicable, and (ii) **5:00 p.m. (Eastern) on the date that is thirty (30) days** from the date on which the Debtors provide notice to the affected claimholder of the amendment or supplement to the Schedules, as the deadline by which claimants holding such claims must file Proofs of Claim with respect to such claims so that such Proofs of Claim are ***actually received*** by the Claims and Noticing Agent (such date, as applicable, an "Amended Schedules Bar Date" and, collectively with the General Bar Date, the Rejection Damages Bar Date, and the Governmental Bar Date, the "Bar Dates").  By contrast, if the amendment to schedules D, E, or F of the Schedules improves the amount or treatment of a previously scheduled or filed claim, the Debtors propose that affected claimants that previously were served with a notice of the

General Bar Date not be permitted to file additional claims or amend related previously filed Proofs of Claim by the Amended Schedules Bar Date.

16.     Notice of the Amended Schedules Bar Date shall be sent to each claimant holding a claim adversely affected by any such amendment or supplement and shall describe the listing and treatment of such claim in the Schedules, including how such treatment has changed, if applicable, and shall indicate the Amended Schedules Bar Date for such claim.  Notwithstanding the foregoing, nothing contained in this Motion would preclude the Debtors from objecting to any claim, whether scheduled or filed (or amended), on any grounds.

17.     Accordingly, the Debtors respectfully submit that the proposed timeline will give all parties-in-interest adequate notice of all applicable Bar Dates and an opportunity to assert proofs of claim.

## PROOF OF CLAIM FORM

18.     The Debtors have prepared a tailored Proof of Claim Form, a copy of which is attached to the Bar Date Order as **Exhibit 2**, which is based on *Official Bankruptcy Form No. 410* (the "Official Form 410").[4]  Accordingly, the Debtors request that the Court approve the Proof of Claim Form and order that each Proof of Claim substantially comply with (i) the Proof of Claim Form or (ii) the Official Form 410.

## PROCEDURES FOR FILING PROOFS OF CLAIM

19.     Except as otherwise set forth herein, the Debtors propose that the following persons or entities holding claims against the Debtors arising prior to the Petition Date be required to file

---

[4]  The Official Form 410 can be found at www.uscourts.gov/forms/bankruptcy-forms, the official website for the United States Bankruptcy Courts. The Proof of Claim Form can also be found at https://dm.epiq11.com/H2B, the website established by Epiq for these Chapter 11 Cases.

Proofs of Claim on or before the applicable Bar Date:

      a.    any person or entity (i) whose prepetition claim against the Debtors is not listed in the Schedules or is listed as "disputed," "contingent," or "unliquidated" and (ii) that desires to participate in these Chapter 11 Cases or share in any distribution in these Chapter 11 Cases;

      b.    any person or entity that (a) believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and (b) desires to have its prepetition claim allowed in a classification or amount different from the classification or amount identified in the Schedules; and

      c.    any person or entity that believes that its claim against the Debtors is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

20.    Notwithstanding the foregoing, the Debtors request that the following persons or entities **not be** required to file a proof of claim on or before the applicable Bar Date:

      a.    any person or entity whose claim is listed in the Schedules if (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

      b.    any holder of a claim that has been paid in full or otherwise satisfied by the Debtors (or any other party);

      c.    any person or entity that is a direct or indirect equity owner of the Debtors;

      d.    any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than a 503(b)(9) Claim, which must be asserted by the General Bar Date); and

      e.    any person or entity holding a claim against the Debtors for which a signed proof of claim has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or the Debtors' Claims and Noticing Agent in a form substantially similar to Official Form 410.

21.    The Debtors request that the Court require all proofs of claim submitted in these Chapter 11 Cases be consistent with the following:

a. Each proof of claim must:  (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) be written in English; (iii) be denominated in United States currency; (iv) conform substantially with Official Form 410 or the Proof of Claim Form; and (v) include supporting documentation.  If supporting documentation is voluminous, a summary of such documentation may be provided instead.  If supporting documentation is unavailable, an explanation as to why such documentation is not available must be provided;

b. In addition to the requirements set forth in subsection (a) above, any proof of claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; and (ii) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted;

c. Parties that wish to receive proof of receipt of their proof of claim from the Claims and Noticing Agent must also include with their proof of claim a copy of their proof of claim and a self-addressed, stamped return envelope; and

d. Each proof of claim, including supporting documentation, must be submitted so that the Claims and Noticing Agent ***actually receives*** the proof of claim on or before the applicable Bar Date (i) by courier service, hand delivery, or United States first-class mail or (ii) electronically through the Claims and Noticing Agent's website.

22. For any claim to be validly and properly filed, a claimant must deliver a completed, signed original Proof of Claim Form, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), to the Claims and Noticing Agent in the manner set forth below and in the Bar Date Notice, so that the Claims and Noticing Agent receives the proof of claim by no later than 5:00 p.m. (Eastern) on the applicable Bar Date.  All such filed proofs of claim must:  (a) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (b) be written in English; (c) be denominated in United States currency; and (d) conform substantially to the Proof of Claim Form.  The Debtors propose that claimants may submit proofs of claim in the following manner:  (a) electronically with Epiq via the interface

available at https://dm.epiq11.com/H2B; or (b) delivered to Epiq via U.S. mail or other hand delivery method to the following addresses:

|  |  |
|---|---|
| **If by First-Class Mail:** | **If by Hand Delivery or Overnight Mail:** |
| **Nova Wildcat Shur-Line Holdings, Inc. a/k/a H2 Brands Group Home & Hardware Claims Processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4421 Beaverton, OR 97076-4421** | **Nova Wildcat Shur-Line Holdings, Inc. a/k/a H2 Brands Group Home & Hardware Claims Processing Center, c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005** |

23.     Claimants that submit proofs of claim through the Claims and Noticing Agent's website will receive an electronic mail confirmation of such submissions.  The Debtors request that the Bar Date Order provide that (i) proofs of claim sent by facsimile, telecopy, or electronic mail will ***not*** be accepted and (ii) proofs of claim are deemed timely filed ***only*** if such claims are ***actually received*** by the Claims and Noticing Agent by on or before 5:00 p.m. (Eastern) on the applicable Bar Date.

## CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM

24.     The Debtors propose that, unless the Court orders otherwise, pursuant to sections 105(a) and 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), any person or entity that is required to file a timely Proof of Claim against the Debtors in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or the Bar Date Order sought herein, but that fails to do so on or before the applicable Bar Date shall not be treated as a creditor with respect to such claim for purposes of voting and distribution in these Chapter 11 Cases.

## NOTICE OF THE BAR DATE ORDER AND THE BAR DATES

25.     As soon as practicable, but in any event no later than five (5) business days after the entry of the Bar Date Order, the Debtors, pursuant to Bankruptcy Rule 2002(a)(7), propose to

cause the Claims and Noticing Agent to serve, by U.S. first-class mail, postage prepaid, the Proposed Bar Date Notice and a copy of the Proof of Claim Form (collectively, the "Bar Date Package") upon all known potential holders of claims, including:  (i) all holders of claims listed in the Schedules (including holders of claims listed as contingent, unliquidated, or disputed); (ii) all counterparties to executory contracts and unexpired leases listed in the Schedules; (iii) the United States Attorney for the District of Delaware; (iv) all Entities that have requested notices pursuant to Bankruptcy Rule 2002 in these Chapter 11 Cases as of the date of entry of the Bar Date Order; (v) all known holders of equity securities in the Debtors as of the date of the Court's entry of the Bar Date Order; (vi) all other Entities listed on the Debtors' creditor matrix; (vii) all parties that have filed proofs of claim in these Chapter 11 Cases prior to entry of the Bar Date Order (viii) any regulatory Entities that, to the Debtors' knowledge, regulate any portion of the Debtors' business; (ix) all parties to litigation with the Debtors or their counsel (if known); (x) all current employees of the Debtors, and all former employees who left the Debtors' employ within the two (2) years prior to the Petition Date, and whose addresses are known by the Debtors; and/or (xi) counsel to any of the foregoing, if known to the Debtors.

26.    For informational purposes only, the Debtors, through the Claims and Noticing Agent, also will serve the Proposed Bar Date Notice (without a Proof of Claim Form) by U.S. first-class mail, postage prepaid, not more than five (5) business days after the entry of the Bar Date Order, to (i) the U.S. Trustee, (ii) counsel to the official committee of unsecured creditors, (iii) the Internal Revenue Service, (iv) all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business, and (v) all environmental authorities listed in the Schedules or Statement of Financial Affairs, if any.

27.     The Proof of Claim Form will state, along with the claimant's name, whether the claimant's claim is listed in schedule D, E, or F of the Schedules and, if so, whether the claim is listed as:  (i) disputed, contingent, or unliquidated; and (ii) secured, unsecured, or priority.  The dollar amount of the claim (as listed in schedule D, E, or F of the Schedules) also will be identified on the Proof of Claim Form.  In the event of any conflict between the claim information included in the Proof of Claim Form and the information provided in the Schedules, the Schedules shall control.  Any person or entity that relies on the claim information in the Schedules bears responsibility for determining that its claim is listed accurately therein.

28.     Among other things, the Proposed Bar Date Notice (i) identifies the Bar Dates, (ii) includes detailed procedures for filing a timely and accurate proof of claim with the Claims and Noticing Agent, (iii) identifies the parties that are not required to file a proof of claim, (iv) describes the consequences of failing to file a proof of claim, and (v) provides the name, email address, and telephone number of the Claims and Noticing Agent where questions may be addressed and from whom additional information may be obtained.

29.     Service of the Proposed Bar Date Notice as proposed herein is reasonably designed to reach all interested parties in a cost effective manner and satisfies the requirements of the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

30.     Establishing April 21, 2023, at 5:00 p.m. (Eastern) as the General Bar Date in these Chapter 11 Cases (or such later date that is at least thirty-seven (37) days after the entry of the Bar Date Order) will give holders of claims an adequate amount of time to review the Schedules and prepare and file proofs of claim, if necessary.  Further, notice of the General Bar Date would exceed the minimum 21-day notice period required by Bankruptcy Rule 2002(a)(7) and the minimum 30-day notice period for foreign creditors provided by Bankruptcy Rule 2002(p).  In

addition, for orders approving the rejection of executory contracts or unexpired leases entered after the date that the General Bar Date has passed, the Debtors may include a description of the Rejection Damages Bar Date in the text thereof, thus providing additional notice of the Rejection Damages Bar Date.  Similarly, the Debtors will provide affected parties with at least thirty (30) days' notice of the Amended Schedules Bar Date.

31.     After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that:  (i) notices are returned by the post office with forwarding addresses; (ii) certain parties, acting on behalf of parties-in-interest, decline to pass along notices to these parties and instead return their names and addresses to the Debtors or their Claims and Noticing Agent for direct mailing; and (iii) additional potential claimants become known as a result of the General Bar Date noticing process.  In this regard, the Debtors request that the Court permit it to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to thirty (30) days in advance of the applicable Bar Date, with any such mailings deemed timely and the relevant Bar Date being applicable to the recipient creditors.  If Bar Date Notice Packages are returned by the post office or if certain parties acting on behalf of parties-in-interest decline to forward the Bar Date Notice Packages to parties-in- interest (each as more fully described in subsections (i) and (ii) of this paragraph), the Debtors may (but would not be required to) set a supplemental bar date without further order of the Court provided that the Debtors provide all parties with notice sufficient to comply with Bankruptcy Rule 2002(a)(7).

32.     For the reasons discussed above, the Debtors respectfully submit that the Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances,

are in the best interest of the Debtors, their estates, and all parties-in-interest, and should be approved.

## BASIS FOR RELIEF REQUESTED

33.     Section 105(a) of the Bankruptcy Code empowers bankruptcy courts to enter "any order, process, or judgment that is necessary or appropriate" to carry out the provisions of the Bankruptcy Code. *See* 11 U.S.C. § 105(a). The Court has authority to grant the relief requested in this Motion in furtherance of Bankruptcy Rule 3003 and Local Rule 2002-1(e), which provides that "[i]n all cases under chapter 11, the debtor may request a bar date for the filing of proofs of claim or interest."

34.     Further, pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3), while the Court must fix the time within which Proofs of Claim must be filed, creditors are entitled to at least 21-days' notice by mail of the deadline fixed for filing Proofs of Claim (or, in the case of creditors with foreign addresses, at least 30-days' notice pursuant to Bankruptcy Rule 2002(p)(2)).  Any creditor that has a claim against the Debtors that arose prior to the Petition Date, and whose claim is not scheduled in the applicable Debtor's schedules of assets and liabilities (the "Schedules"), or whose claim is scheduled as "disputed," "contingent," or "unliquidated" in the Schedules, must file a Proof of Claim.  Fᴇᴅ. R.Bᴀɴᴋ.P. 3003(c)(2).

35.     It is well recognized that the general claims bar date plays an essential role in the twin goals of bankruptcy:  (i) preserving a debtor's going concern value and (ii) maximizing property available to satisfy creditors.  *See, e.g.*, *Bank of Am. Nat. Tr. & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999).  The general claims bar date allows the debtor and parties in interest to determine and evaluate the liabilities of their estates expeditiously.  In contrast, the absence of such a bar date would prolong creditor uncertainty, increase the costs and expenses incurred by the Debtors in connection with the claims reconciliation process, and delay or even

derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *Chemetron Corp. v. Jones (In re Chemetron Corp.)*, 72 F.3d 341, 346 (3d Cir. 1995). Further, by setting such a deadline, the Debtors will obtain a clear picture of the size of the claims pool, which will effectuate a more streamlined claims administration process.

36. Here, the Debtors propose that creditors be given at least 30-days' notice of the time fixed for filing Proofs of Claim, a notice period exceeding that required by Bankruptcy Rule 2002(a)(7) and meeting the requirement of Bankruptcy Rule 2002(p)(2).

37. The procedures described in this Motion will provide holders of claims with notice and opportunity to assert claims in accordance with a standardized process, all while achieving administrative and judicial efficiency. The proposed procedures contain clear filing instructions designed to avoid confusion or uncertainty among holders of claims that might lead them to file unnecessary protective Proofs of Claim or multiple Proofs of Claim that would cause expense and delay in the claims process for all parties. The proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtors with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during these Chapter 11 Cases (such as in the event of a contract rejection). Moreover, the procedures proposed herein are appropriate and fair to all parties affected thereby in that they provide ample notice and give sufficient time to creditors within which to file any necessary proofs of claim. Granting the relief requested will facilitate the orderly confirmation and implementation of any chapter 11 plan in the Chapter 11 Cases and expedite any payment of claims to creditors.

38. For the reasons set forth above, the Bar Dates, the Bar Date Order, and the Bar Date Notice proposed by the Debtors are fair, reasonable and adequate.

## <u>DEBTORS' RESERVATION OF RIGHTS</u>

39.     Nothing contained in this Motion, the Bar Date Order, or Proposed Bar Date Notice is intended or should be construed as or deemed to constitute an agreement or admission as to the validity of any claim against any of the Debtors on any grounds or an assumption or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code, a waiver or impairment of any of the Debtors' rights, including, without limitation, their rights to:  (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (ii) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (iii) otherwise amend the Schedules.

## <u>NO PRIOR REQUEST</u>

40.     No previous request for the relief sought by this Motion has been made to this Court or any other court.

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that the Court:  (i) enter the Bar Date Order, substantially in the form attached as **<u>Exhibit A</u>**; and (ii) grant such other relief to the Debtors as is appropriate.


*[The remainder of this page was intentionally left blank.]*

Dated:  February 21, 2023
        Wilmington, Delaware

Respectfully submitted,

**REED SMITH LLP**

*/s/ Jason D. Angelo*
Kurt F. Gwynne (No. 3951)
Jason D. Angelo (No. 6009)
1201 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone:  (302)778-7500
E-mail:  kgwynne@reedsmith.com
        jangelo@reedsmith.com

- and -

Omar J. Alaniz, Esq. (admitted *pro hac vice*)
Bradley J. Purcell, Esq. (admitted *pro hac vice*)
Devan J. Dal Col, Esq. (admitted *pro hac vice*)
2850 N. Harwood St., Suite 1500
Dallas, TX 75201
Telephone:  (469) 680-4200
E-mail:  oalaniz@reedsmith.com
        bpurcell@reedsmith.com
        ddalcol@reedsmith.com

- and -

Luke A. Sizemore, Esq. (admitted *pro hac vice*)
Amy M. Kerlin, Esq. (admitted *pro hac vice*)
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone:  (412) 288-3334
E-mail:  lsizemore@reedsmith.com
        akerlin@reedsmith.com

*Proposed Counsel for the Debtors and*
*Debtors-in-Possession*