**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NOVA WILDCAT SHUR-LINE HOLDINGS, INC., *et al.*,[1] | Case No. 23-10114 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: N/A**<br>**Obj. Deadline: N/A** |
| | Re: Docket No. 153 |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER SHORTENING THE NOTICE AND OBJECTION PERIODS FOR, AND SCHEDULING AN EXPEDITED HEARING ON, THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE DEBTORS' SELECTION OF A STALKING HORSE BIDDER, (II) APPROVING BID PROTECTIONS IN CONNECTION THEREWITH, AND (III) GRANTING RELATED RELIEF**

The debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") respectfully submit this motion (the "Motion to Shorten") for entry of an order, in substantially the form attached as **Exhibit A** (the "Proposed Order"), (i) shortening the notice and objection periods with respect to the *Debtors' Motion for Entry of an Order (I) Approving the Debtors' Selection of a Stalking Horse Bidder, (II) Approving Bid Protections in Connection Therewith, and (III) Granting Related Relief* (the "Stalking Horse Motion")[2] filed contemporaneously with this Motion to Shorten, (ii) scheduling an expedited hearing on the Stalking Horse Motion, and (iii) granting related relief. In support of this Motion to Shorten, the Debtors, by and through their undersigned counsel, respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Nova Wildcat Shur-Line Holdings, Inc. (1805); Nova Wildcat Shur-Line, LLC (8851); World and Main (Air), LLC (0035); World and Main (Cranbury), LLC (3903); HBC Holdings LLC (6461); and HBC Chemical LLC (6379). The Debtors' corporate headquarters and service address is 324A Half Acre Road, Cranbury, NJ 08512.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Bidding Procedures Motion (as defined herein) or the Stalking Horse Motion, as applicable.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to entry of a final order by the Court in connection with this Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief sought by the Motion to Shorten are section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), Rules 2002 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 6004-1(c), 9006-1(c), and 9006-1(e).

**BACKGROUND**

4. On January 29, 2023, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned cases (collectively, the "Chapter 11 Cases").

5. On January 31, 2023, the Debtors filed a motion [D.I. 28] (the "Bidding Procedures Motion") seeking entry of an order authorizing and approving, among other things: (i) the Bidding Procedures to be used in connection with the sale of substantially all or any portion of the Debtors' assets through one or more sale transactions and (ii) the sale or sales of the assets to any successful

bidder(s) free and clear of all liens, claims, interests, and encumbrances to the extent set forth in the applicable asset purchase agreement(s).  A hearing on the Bidding Procedures Motion occurred on March 2, 2023, at 10:00 a.m. (Eastern), and the Court entered an order (the "<u>Bidding Procedures Order</u>") approving the Bidding Procedures on March 3, 2023.  *See* D.I. 142.

6. As approved in the Bidding Procedures Order, the Court approved a sale timeline that sets a deadline to submit bids to purchase some or all of the Debtors' assets on March 15, 2023 (the "<u>Bid Deadline</u>"), and, if necessary, an Auction for the sale of the Debtors' assets on March 20, 2023.

7. After extensive prepetition and postpetition marketing efforts and negotiations with potential purchasers, and as set forth in the Stalking Horse Motion, the Debtors have secured a stalking horse proposal that will provide significant value to their estates and set the floor for a robust bidding and sale process.

8. Accordingly, contemporaneously herewith, the Debtors filed the Stalking Horse Motion seeking approval to enter into an asset purchase agreement (the "<u>Stalking Horse APA</u>") with the Stalking Horse Bidder and to provide related Bid Protections.  As detailed in the Stalking Horse Motion, the Debtors believe that entry into the Stalking Horse APA and approval of the Bid Protections provided therein are in the best interest of the Debtors, their estates, and other stakeholders.

9. Further, as the Stalking Horse APA is subject to higher and better offers at the Auction, the Debtors believe that the Bid Protections promote competitive bidding by setting the baseline value for assets at the Auction.  The Debtors believe that it is critical that the Stalking Horse APA be approved as soon as possible so that all potential bidders have access to the Stalking

Horse APA, knowledge of the Bid Protections, and time to formulate a higher and better bid in connection with the deadlines set forth in the Bidding Procedures Order.

10. The Debtors submit that shortening the notice and objection periods as requested herein and determining that the Stalking Horse Motion be heard on the Proposed Hearing Date (as defined below) is in the best interests of the Debtors' stakeholders and estates and will not significantly prejudice any party in interest.

## RELIEF REQUESTED

11. By this Motion to Shorten, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 9006(c), and Local Rules 6004-1(c), 9006-1(c), and 9006- 1(e), the Debtors request entry of the Proposed Order, substantially in the form attached as **Exhibit A**: (i) shortening the notice and objection periods for the Stalking Horse Motion; (ii) scheduling the hearing to consider the relief requested by the Stalking Horse Motion, subject to the Court's availability, for the afternoon of **Friday, March 10, 2023** (the "Proposed Hearing Date");[3] and (iii) permitting parties to file responses or objections, if any, to the entry of the order approving the relief requested by the Stalking Horse Motion at or prior to the hearing.

## BASIS FOR RELIEF REQUESTED

12. Bankruptcy Rule 2002 requires twenty-one (21) days' notice of motions involving the "use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving service." FED. R. BANKR. P. 2002(a)(2). Likewise, Local Rule 9006-1(c)(i) provides that, sale procedures motions (including those seeking to provide bid protections to a "stalking horse" bidder) must be

---

[3] The Debtors respectfully request that the hearing be held during the afternoon of Friday, March 10, 2023 because the Section 341 meeting of creditors has been scheduled for 10:00 a.m. (Eastern) on the same date.

- 4 -

filed at least 21-days prior to the hearing date. DEL. BANKR. L.R. 9006-1(c)(i). In addition, Local Rule 9006-1(c)(ii) provides that where a motion is to be filed on at least 21-days' notice, the objection deadline for such motion must be "no earlier than fourteen (14) days after the date of service." DEL. BANK. L.R. 9006-1(c)(ii).

13.  Pursuant to Bankruptcy Rule 9006(c)(1), however, the Court may, in its discretion and for cause shown, shorten the otherwise applicable notice period. FED. R. BANKR. P. 9006(c)(1). Further, Local Rule 9006-1(e) provides that such period may be shortened "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." DEL. BANKR. L.R. 9006-1(e). No hearing on such a motion to shorten notice is required. *Id*. In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 171 (3d Cir. 2012) (noting the commonness of such motions "given the accelerated time frame of bankruptcy proceedings").

14.  For the reasons outlined below, the Debtors submit that good cause and compelling circumstances exist warranting expedited consideration of the Stalking Horse Motion and entry of the Proposed Order.

15.  *First*, the Debtors believe that the Stalking Horse Bidder's bid provides significant value to the Debtors' estates and are hopeful that such bid will set the floor for a robust bidding and sale process. The use of a stalking horse in a public auction process for sales pursuant to Bankruptcy Code section 363 is a customary practice in chapter 11 cases, as the use of a stalking horse bid is, in many circumstances, the best way to maximize value in an auction process by "establish[ing] a framework for competitive bidding and facilitat[ing] a realization of that value." *Official Committee of Unsecured Creditors v. Interforum Holding LLC*, 2011 U.S. Dist. LEXIS

73421, *4 n.1 (E.D. Wis. July 7, 2011). By inducing the stalking horse bidder to hold its offer open as a baseline from which other potential bidders can submit higher or better offers, a stalking horse bid serves to encourage more competitive bidding, thereby increasing the ultimate purchase price of the Debtors' assets. Such is the case here.

16. *Second*, this Court's consideration of the Stalking Horse Motion at the Proposed Hearing Date is critical to the Debtors' efforts to preserve and maximize value through the sale process and to ensure that the Debtors obtain the highest and/or best offer for their assets. Indeed, the Debtors believe that it is imperative that potential bidders have access to a court-approved Stalking Horse APA as soon as practicable so that they can actively and competitively engage in the sale process approved in the Bidding Procedures Order. The Debtors believe that approval of the Stalking Horse APA will assist alternative bidders in formulating and submitting a binding bid in accordance with the Bidding Procedures and with full knowledge of the Bid Protections. In sum, approval of the proposed Stalking Horse APA on the timeline proposed by this Motion to Shorten will ensure that Prospective Bidders will have sufficient time to qualify for and engage in the Auction, thereby maximizing the competiveness and potential value to the estates from the sale process.

17. *Third*, the Debtors submit that no parties in interest will be significantly (if at all) prejudiced by the relief requested by this Motion to Shorten. The Debtors are not seeking to shorten the notice period to object to the ultimate Sale Transaction; rather, the Debtors seek to shorten the notice period to object to the more limited Stalking Horse designation and approval of (i) the Stalking Horse APA and (ii) the related Bid Protections. The Stalking Horse Motion sets forth key terms of the Stalking Horse Bidder's bid, including, among other things, the Bid

Protections, purchase price, closing deadlines, and related milestones. By filing the Stalking Horse Motion now, the Debtors are attempting to maximize notice of the Stalking Horse Bidder's bid.

18. The Court's expedited approval of the Stalking Horse Motion will crystalize a solid foundation for a proposed sale of the Debtors' assets, thereby enabling a universe of potential bidders to be afforded a competitive opportunity to submit overbids. In light of the foregoing, the Debtors submit that granting this Motion to Shorten, as requested herein, is justified under the circumstances of these Chapter 11 Cases.

## NOTICE

19. Notice of the Motion to Shorten will be provided by the Debtors to the Sale Notice Parties identified in the Bidding Procedures Motion. Based on the nature of the requested relief, the Debtors respectfully submit that no other or further notice is necessary.

## STATEMENT PURSUANT TO LOCAL RULE 9006-1(e)

20. The undersigned counsel certifies pursuant to Local Rule 9006-1(e) that they have contacted the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), counsel to the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (the "Committee"), and counsel to PNC Bank, N.A., as lender and agent ("PNC") to provide advance notice of this Motion to Shorten. The U.S. Trustee indicated that it has no position with respect to the relief requested herein. Both the Committee and PNC have indicated that they are not opposed to the relief requested herein.

## NO PRIOR REQUEST

21. No prior motion for the relief requested herein has been made to this Court or to any other court.

*[The remainder of this page was intentionally left blank.]*

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached as **Exhibit A**, granting (i) the relief requested in this Motion to Shorten and (ii) such other relief to the Debtors as is appropriate.

Dated: March 7, 2023
       Wilmington, Delaware

Respectfully submitted,

**REED SMITH LLP**

*/s/ Jason D. Angelo*
Kurt F. Gwynne (No. 3951)
Jason D. Angelo (No. 6009)
1201 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
E-mail: kgwynne@reedsmith.com
        jangelo@reedsmith.com

 - and -

Omar J. Alaniz, Esq. (admitted *pro hac vice*)
Bradley J. Purcell, Esq. (admitted *pro hac vice*)
Devan J. Dal Col, Esq. (admitted *pro hac vice*)
2850 N. Harwood St., Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
E-mail: oalaniz@reedsmith.com
        bpurcell@reedsmith.com
        ddalcol@reedsmith.com

- and -

Luke A. Sizemore, Esq. (admitted *pro hac vice*)
Amy M. Kerlin, Esq. (admitted *pro hac vice*)
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3334
E-mail: lsizemore@reedsmith.com
        akerlin@reedsmith.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*