IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NOVA WILDCAT SHUR-LINE HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10114 (CTG)<br><br>(Jointly Administered)<br><br>**Re:  Docket No. 66** |

**ORDER (I) AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN
CARL MARKS ADVISORY GROUP LLC TO PROVIDE THE DEBTORS
A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL,
(II) DESIGNATING HOWARD P. MEITINER AS CHIEF RESTRUCTURING
OFFICER, EFFECTIVE AS OF THE PETITION DATE, AND
(III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned Chapter 11 Cases (collectively, the "Debtors"), for entry of an Order authorizing and approving:  (i) the retention and employment of CMAG to provide the Debtors a CRO and other Additional Personnel, (ii) the designation of Mr. Meitiner as CRO effective as of the Petition Date, and (iii) certain related relief; and upon consideration of the Motion and all of the pleadings related thereto, including the First Day Declaration and the Meitiner Declaration; and having determined that this Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Nova Wildcat Shur-Line Holdings, Inc. (1805); Nova Wildcat Shur-Line, LLC (8851); World and Main (Air), LLC (0035); World and Main (Cranbury), LLC (3903); HBC Holdings LLC (6461); and HBC Chemical LLC (6379).  The Debtors' corporate headquarters and service address is 324A Half Acre Road, Cranbury, NJ 08512.

[2] Capitalized terms used but not defined in this Order have the meanings given in the Motion.

that venue of these Chapter 11 Cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given under the circumstances, and it appearing that no other or further notice need be provided; and upon the record of the hearing, if any, held on the Motion and all proceedings had before this Court; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein

2. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to retain and employ CMAG to provide Mr. Meitiner as CRO and the Additional Personnel to the Debtors and to designate Mr. Meitiner as CRO effective as of the Petition Date, in accordance with (and on the terms described in) the Motion, the Engagement Letter, and this Order.

3. CMAG, Mr. Meitiner, and the Additional Personnel are authorized to perform the services described in the Motion and the Engagement Letter, subject to the terms of this Order.

4. Persons furnished by CMAG for executive officer positions shall be retained in such positions upon the express approval thereof by the Governing Body of each Debtor, whose members are performing their duties and obligations as required under applicable law, and will act under the direction, control, and guidance of each applicable Governing Body and shall serve at each Governing Body's pleasure.

5. Notwithstanding anything in the Motion or the Engagement Letter to the contrary:

(a) CMAG shall not act in any other capacity (for example, and without limitation, as an investment banker, claims agent/claims administrator, or investor/acquirer) in connection with the Chapter 11 Cases (which, for the avoidance of doubt, shall include any cases of the Debtors that are converted to cases under chapter 7).

(b) In the event that the Debtors seek to have CMAG personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new executive officers, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

(c) CMAG shall file with the Court a monthly report (each a "<u>Monthly Report</u>") by the 20th of each month for the previous month (the "<u>Report Deadline</u>") and shall serve a copy of such Monthly Report upon the Debtors, the DIP Agent, the Official Committee of Unsecured Creditors, and any trustee appointed in these cases. Such Monthly Reports shall (i) include the names and functions of the individuals that performed work for the Debtors during such month, (ii) include detailed time entries describing the task(s) performed, recorded in one-tenth hour (.1 hour) increments, and organized by project category, and (iii) provide the Notice Parties an objection period of twenty-one (21) days (extended to the next business day if such day is not a business day) from the filing and service of such staffing report for objections as to compensation previously paid. The first Monthly Report shall cover the period from the Petition Date until the end of February 28, 2023, and shall be submitted within twenty (20) days thereafter. In the event an objection is raised and not consensually resolved between CMAG and the objecting party, all staffing and compensation set forth in such Monthly Report shall be subject to review by the Court. Upon receipt of any objection, the Debtors shall deduct an amount equal to the amount objected to from payment to CMAG until such objection is resolved, either consensually or by Court order. The Monthly Reports will be subject to review by the Court if requested by any party in interest.

(d) Subject to the requirements of paragraph (c) above, the Debtors are authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by CMAG for fees and expenses incurred in connection with CMAG's retention after the objection deadline for a staffing report has passed.

(e) Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in one-tenth hour (.1 hour) increments and corresponding charge (multiplied by hourly rate) for each task.

(f) No principal, employee, or independent contractor of CMAG and its affiliates shall serve as a director of the Debtors during the pendency of the Chapter 11 Cases (which, for the avoidance of doubt, shall include any cases of the Debtors that are converted to cases under chapter 7) without further authorization of the Court.

(g) For a period of three (3) years after the conclusion of the engagement, neither CMAG nor any of its affiliates shall make any investments in the Debtors.

(h) CMAG shall disclose any and all facts that may have a bearing on whether CMAG, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. The obligation to disclose identified in this subparagraph and the related subparts is a continuing obligation. Disclosure as required by this paragraph 5(h) shall include the following:

    (i) Connection, relationship, or affiliation with secured creditors, postpetition lenders, significant unsecured lenders, equity holders, current or former officers and directors, or investors;

    (ii) Involvement as a creditor, service provider, or professional of any entity with which CMAG or any affiliate has an alliance agreement, marketing agreement, joint venture, referral arrangement or similar agreement;

    (iii) Any prepetition involvement in voting on the decision to engage CMAG in the bankruptcy case, and/or any prepetition role carrying the authority to decide unilaterally to engage CMAG; and

    (iv) The existence of any unpaid balances for prepetition services.

(i) CMAG shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in the Chapter 11 Cases.

(j) Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the Chapter 11 Cases on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee, or back-end fee shall be sought upon conversion of the Chapter 11 Cases, dismissal of the Chapter 11 Cases for cause, or appointment of a trustee.

(k) The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other managers under the operating agreement and applicable state law, along with insurance coverage under the Debtors' applicable liability insurance policy. Notwithstanding any provision in the Engagement Letter or the Motion to the contrary, there shall be no other indemnification of CMAG or its affiliates.

6. CMAG shall not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by further Order of the Court.

7. During the course of the Chapter 11 Cases (which, for the avoidance of doubt, shall include any cases of the Debtors that are converted to cases under chapter 7), any limitation of liability provisions in the Engagement Letter shall have no force or effect.

8. Notwithstanding anything to the contrary in the Engagement Letter, CMAG, the Debtors, and any and all of their successors and assigns, consent to the jurisdiction and venue of the Court as the exclusive forum for the resolution of CMAG's and the Debtors' claims, causes of action, or lawsuits described herein (unless the Court does not have or retain jurisdiction over such claims or controversies).

9. To the extent there is any inconsistency between the terms of the Engagement Letter, the Motion, and this Order, the terms of this Order shall govern.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. The Debtors are authorized and empowered to take all reasonable actions necessary to implement the relief granted in this Order

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

**Dated: March 9th, 2023**
**Wilmington, Delaware**

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE